## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DANIEL TORRES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **TOTAL WATER TREATMENT** ) | |
| **SYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff Daniel Torres ("Torres" or "Plaintiff"), by and through undersigned counsel, and submits his Complaint against Defendant Total Water Treatment Systems, Inc. ("Total Water" or "Defendant"), stating as follows:

### I.    NATURE OF COMPLAINT

1.

This is an action by a former employee of Defendant for discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq. (collectively, the "ADA").

## II.    JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S. Code § 12117 because this is a civil action arising under the ADA.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in Gwinnett County, GA. Additionally, all of the acts and omissions complained of herein occurred within the Northern District of Georgia.

## III.    ADMINISTRATIVE PREREQUISITES

4.

Plaintiff has met all administrative prerequisites to filing suit under the ADA. Plaintiff timely filed his charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on October 11, 2021. A true and correct copy of the charge (Charge No. 410-2022-00263) is attached hereto as **Exhibit A**.

5.

Plaintiff received a right-to-sue notice from the EEOC with respect to Charge No. 410-2022-00263 on November 18, 2021. A true and correct copy of the RTS

notice is attached hereto as **Exhibit B.**

## IV.   PARTIES

6.

Plaintiff resides in Holly Springs, Georgia, and is a former employee of Defendant.

7.

Plaintiff, at all times relevant hereto, was an individual with a disability within the meaning of the ADA.

8.

Plaintiff, at all times relevant hereto, had a disability as defined in the ADA at 42 U.S.C. §12102(1)(A) in that he had a physical impairment that substantially limited him in one or more major life activities, including performing manual tasks requiring use of both hands. 29 C.F.R. § 1630.2(i).

9.

In addition, or alternatively, Plaintiff, at all times relevant hereto, had a disability as defined in the ADA at 42 U.S.C. §12102(1)(B) in that he had a record of one or more physical impairments that substantially limited him in one or more major life activities or major bodily functions, including performing manual tasks requiring use of both hands. 29 C.F.R. § 1630.2(i).

10.

At all relevant times, Plaintiff was and is a "qualified individual" as defined by 42 U.S.C. §12111(8) of the ADA because he was able to perform the essential functions of his position with or without reasonable accommodation.

11.

Defendant is a covered "employer" as defined under the ADA.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Incorp Services, Inc., located at 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

## V.   FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant as a Service Manager in September 2019. He initially worked in California and relocated to Georgia a year later. There were no managerial positions available in Georgia at the time of Plaintiff's move, and thus Plaintiff accepted a Service Technician position with the Georgia office in October 2020.

14.

Throughout his employment with the Company, Plaintiff was a stellar

employee who was well liked by customers and coworkers alike.

15.

On March 30, 2021, Plaintiff suffered a serious on-the-job injury.

16.

Defendant's hand truck malfunctioned while Plaintiff was unloading bags of salt, causing it to open up on Plaintiff's finger.

17.

Plaintiff's finger was nearly amputated as a result, and Plaintiff had to undergo emergency surgery to reset the bone.

18.

Plaintiff took ten days of worker's compensation leave in connection with his injury. He returned to work in mid-April with temporary restrictions of no use of his left hand.

19.

Defendant's General Manager, Adam Hyde, told Plaintiff that Defendant would be able to accommodate his medical restrictions by offering light-duty work until Plaintiff was released for full duty.

20.

As soon as Plaintiff was back at work, however, Mr. Hyde exclusively

scheduled Plaintiff for field work that required him to use both hands.

21.

Plaintiff was asked to perform water system installations and was even told to train new employees on how to complete installations, even though such installations necessarily require the use of both hands.

22.

Plaintiff complained to Mr. Hyde that the work assignments conflicted with his medical restrictions, but Mr. Hyde shrugged off his concerns.

23.

Defendant's failure to comply with the work restrictions exacerbated Plaintiff's injury and required Plaintiff to take four more days of medical leave in late May 2021.

24.

Plaintiff returned to work without restrictions on June 2, 2021.

25.

As soon as Plaintiff returned to work, Mr. Hyde's attitude toward him noticeably changed.

26.

Mr. Hyde excessively scrutinized Plaintiff's every move and consistently sent

him alone on the most difficult work assignments that typically required at least two technicians.

27.

In early June, Mr. Hyde told one of Plaintiff's coworkers that he was going to terminate Plaintiff. The coworker was confused because, in his opinion, Plaintiff was one of the best technicians in the company.

28.

The co-worker told Plaintiff to be careful because Mr. Hyde was "setting him up."

29.

On June 22, 2021, Plaintiff was called into a meeting with Mr. Hyde and HR representative Chelsey Mielke.

30.

During the meeting, Plaintiff was accused of having lied about his whereabouts the week before, on June 18, 2021. Plaintiff unequivocally denied the accusations and said the GPS tracker on his company cell phone would confirm that he was where he said he was. Nevertheless, Plaintiff was told to return his company property pending an investigation into the alleged incident.

31.

A mere hour and a half later—before any meaningful investigation possibly could have been completed—Mr. Hyde called Plaintiff on his cell phone and told him that he was terminated.

32.

Mr. Hyde pointed to the alleged incident discussed during the meeting and "performance" as the reasons for the termination. Both of these reasons are false and pretextual.

33.

Defendant's actions constitute unlawful discrimination, interference, and retaliation in violation of the ADA.

34.

Singh has suffered significant pecuniary and non-pecuniary damages as a direct result of Defendant's unlawful actions.

## COUNT I
## Violation of the ADA –
## Discrimination Because of a Disability

35.

Plaintiff incorporates by reference all of the paragraphs herein above and below.

36.

At all times relevant hereto, Plaintiff was an individual with a disability within the meaning of the ADA.

37.

Plaintiff had an actual disability and/or record of a disability as defined in the ADA at 42 U.S.C. §12102(1)(A) in that he had a physical impairment that substantially limited him in one or more major life activities, including performing manual tasks requiring use of both hands. 29 C.F.R. § 1630.2(i).

38.

At all relevant times, Plaintiff was and is a "qualified individual" as defined by 42 U.S.C. §12111(8) of the ADA because he was able to perform the essential functions of his position with or without reasonable accommodation.

39.

Defendant knew of Plaintiff disability/record of disability, which resulted from a reported on-the-job injury.

40.

Defendant terminated Plaintiff because of his disability/record of disability.

41.

Defendant intentionally, and with reckless indifference to Plaintiff's rights,

violated the ADA by terminating Plaintiff because of Plaintiff's disability, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADA.

42.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

43.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
### Violation of the ADA –
### Discrimination Based on the Need to Reasonably Accommodate

44.

Plaintiff incorporates by reference all of the paragraphs herein above and below.

45.

At all times relevant hereto, Plaintiff had a disability and/or record of disability as defined under the ADA.

46.

Moreover, at all times relevant hereto, Plaintiff was a qualified individual with a disability in that he was able to perform the essential functions of his job either with or without accommodation.

47.

While working for Defendant, Plaintiff was entitled to reasonable accommodations for his disability and/or record of disability under the ADA, including temporary leave to allow his finger to heal.

48.

At the time Plaintiff was terminated, Defendant knew that Plaintiff would likely continue to need accommodations for his disability and/or record of disability.

49.

Defendant terminated Plaintiff because of the likely need to provide him with continued reasonable accommodations.

50.

Defendant intentionally, with reckless indifference to Plaintiff's rights,

violated the ADA by terminating Plaintiff, despite the clear prohibition on taking adverse action against otherwise qualified individuals because of the need to make reasonable accommodations for his impairments.

51.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

52.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT III**
**Violation of the ADA –**
**Retaliation and Interference Based on Plaintiff's Use of Reasonable Accommodations**

53.

Plaintiff incorporates by reference all paragraphs herein above and below.

54.

At all times relevant hereto, Plaintiff had a disability and/or record of

disability as defined under the ADA.

55.

Moreover, at all times relevant hereto, Plaintiff was a qualified individual with a disability in that he was able to perform the essential functions of his job either with or without accommodation.

56.

Plaintiff requested and used reasonable accommodations in the form of medical leave in March-April and May-June 2021.

57.

Plaintiff returned to work without restrictions on June 2, 2021.

58.

Less than three weeks after his return to work, Plaintiff was terminated.

59.

Defendant terminated Plaintiff because of his use of reasonable accommodations for a known disability.

60.

Plaintiff was entitled under the ADA to reasonable accommodations and to return to work without discrimination. Defendant intentionally, with reckless indifference to Plaintiff's rights, violated the ADA by interfering with Plaintiff's

exercise and enjoyment of those rights.

61.

As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

62.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT IV**
**Violation of the ADA –**
**Retaliation Based on Plaintiff's Complaint of Discrimination**

63.

Plaintiff incorporates by reference all paragraphs herein above and below.

64.

At all times relevant hereto, Plaintiff had a disability and/or record of disability as defined under the ADA.

65.

Moreover, at all times relevant hereto, Plaintiff was a qualified individual with a disability in that he was able to perform the essential functions of his job either with or without accommodation.

66.

Plaintiff engaged in protected activity under the ADA when he complained to Defendant in April/May 2021 about Defendant's refusal to comply with Plaintiff's medical restrictions.

67.

Defendant subjected Plaintiff to a materially adverse action when it terminated his employment effective June 22, 2021.

68.

There was a causal connection between the protected conduct and the materially adverse action.

69.

Defendant intentionally, with reckless indifference to Plaintiff's rights, violated the ADA when it retaliated against Plaintiff for engaging in protected activity by terminating his employment.

70.

As a direct and proximate result of Defendant's intentional retaliation, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

71.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a)     judgment in favor of Plaintiff and against Defendant on all counts;

(b)     an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADA and from retaliating against Plaintiff or any witness for their participation in this action;

(c)     damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's

unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)     reinstatement to employment or, if reinstatement is not feasible under the circumstances, an award of damages for future lost wages and benefits of employment;

(e)     equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(f)     Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses incurred due to the discriminatory conduct;

(g)     punitive damages;

(h)     reasonable attorney's fees and costs; and

(i)     such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Date: December 9, 2021.

Respectfully submitted,

**BERGMAR LAW LLC**

*/s/ Nina Maja Bergmar*
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096
Fax. (404) 806-8696

Attorney for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

and EEOC

*State or local Agency, if any*

| Name (*indicate Mr., Ms., Mrs.*) | Home Phone (*Incl. Area Code*) | Date of Birth |
|---|---|---|
| Daniel Juvan Torres | (408) 856-5283 | 04/19/1985 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 131 Avery Landing Way, Holly Springs, GA 30115 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (*Include Area Code*) |
|---|---|---|
| Total Water Treatment Systems, Inc. | 15+ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 5182 Brook Hollow Pkwy, Unit E, Norcross, GA 30071; cmielke@total-water.com | | |

| Name | No. Employees, Members | Phone No. (*Include Area Code*) |
|---|---|---|
| | 15+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03/30/2021   -   Latest: 06/22/2021
☒ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s):*)

Mr. Torres began working for the Company as a Service Manager in September 2019. He initially worked in California and relocated to Georgia a year later. There were no managerial positions available in Georgia at the time of Mr. Torres's move, and thus Mr. Torres accepted a Service Technician position with the Georgia office in October 2020.

On March 30, 2021, Mr. Torres suffered an on-the-job injury. The Company's hand truck malfunctioned while Mr. Torres was unloading bags of salt, causing it to open up on Mr. Torres's finger. The finger was nearly amputated as a result, and Mr. Torres had to undergo emergency surgery to reset the bone.

Mr. Torres took ten days of worker's compensation leave in connection with his injury. He returned to work in mid-April with temporary restrictions of no use of his left hand. The General Manager, Adam Hyde, told Mr. Torres that the Company would be able to accommodate his medical restrictions. As soon as Mr. Torres was back at work, however, Mr. Hyde exclusively scheduled Mr. Torres for field work that required him to use both hands. Mr. Torres was asked to perform water system installations and was even told to train new employees on how to complete installations, even though such installations necessarily require the use of both hands. Mr. Torres complained to Mr. Hyde that the work assignments conflicted with his medical restrictions, but Mr. Hyde shrugged off his concerns. [cont. next page]

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| 10-11-21 _____ | |
| Date          Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

|  |  | and EEOC |
|---|---|---|
| | *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet*

[Cont.]

The Company's failure to comply with the work restrictions exacerbated Mr. Torre's injury and required Mr. Torres to take four more days of medical leave in late May. He returned to work without restrictions on June 2, 2021.

As soon as Mr. Torres returned to work, Mr. Hyde's attitude toward him noticeably changed. While Mr. Torres and Mr. Hyde had previously had a good working relationship, Mr. Hyde now excessively scrutinized Mr. Torres's every move and consistently sent him alone on the most difficult work assignments that typically required at least two technicians. It was clear to Mr. Torres and other co-workers that Mr. Hyde was setting Mr. Torres up to fail.

In early June, Mr. Hyde told one of Mr. Torre's coworkers that he was going to terminate Mr. Torres. The coworker was confused because, in his opinion, Mr. Torres was one of the best technicians in the Company. The co-worker told Mr. Torres to be careful because Mr. Hyde was setting him up.

On June 22, 2021, Mr. Torres was called into a meeting with you and Mr. Hyde. During the meeting, Mr. Torres was accused of having lied about his whereabouts the week before, on June 18, 2021. Mr. Torres unequivocally denied the accusations and said the GPS tracker on his Company cell phone could confirm that he was where he said he was. Nevertheless, Mr. Torres was told to return his Company property while an investigation into the alleged incident was completed.

A mere hour and a half later—before any meaningful investigation possibly could have been completed—Mr. Hyde called Mr. Torres on his cell phone and told him that he was terminated. Mr. Torres pointed to the alleged incident discussed during the meeting and "performance" as the reasons for the termination. Both of these reasons are false and pretextual.

The company is now liable for failure to provide reasonable accommodation, discrimination, interference, and retaliation under the Americans with Disabilities Act ("ADA").

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10-11-21<br>*Date*　　　*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2022-00263 |

_____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Daniel Juvan Torres | (408) 856-5283 | 04/19/1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| 131 Avery Landing Way, Holly Springs, GA 30115 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Total Water Treatment Systems, Inc. | 15+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 5182 Brook Hollow Pkwy, Unit E, Norcross, GA 30071; cmielke@total-water.com | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| EEOC RECEIVED 10/11/2021 | 15+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: 03/30/2021 – Latest: 06/22/2021<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)):*

Mr. Torres began working for the Company as a Service Manager in September 2019. He initially worked in California and relocated to Georgia a year later. There were no managerial positions available in Georgia at the time of Mr. Torres's move, and thus Mr. Torres accepted a Service Technician position with the Georgia office in October 2020.

On March 30, 2021, Mr. Torres suffered an on-the-job injury. The Company's hand truck malfunctioned while Mr. Torres was unloading bags of salt, causing it to open up on Mr. Torres's finger. The finger was nearly amputated as a result, and Mr. Torres had to undergo emergency surgery to reset the bone.

Mr. Torres took ten days of worker's compensation leave in connection with his injury. He returned to work in mid-April with temporary restrictions of no use of his left hand. The General Manager, Adam Hyde, told Mr. Torres that the Company would be able to accommodate his medical restrictions. As soon as Mr. Torres was back at work, however, Mr. Hyde exclusively scheduled Mr. Torres for field work that required him to use both hands. Mr. Torres was asked to perform water system installations and was even told to train new employees on how to complete installations, even though such installations necessarily require the use of both hands. Mr. Torres complained to Mr. Hyde that the work assignments conflicted with his medical restrictions, but Mr. Hyde shrugged off his concerns. [cont. next page]

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____     _____<br>Date                     *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | |

and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet*

[Cont.]

The Company's failure to comply with the work restrictions exacerbated Mr. Torre's injury and required Mr. Torres to take four more days of medical leave in late May. He returned to work without restrictions on June 2, 2021.

As soon as Mr. Torres returned to work, Mr. Hyde's attitude toward him noticeably changed. While Mr. Torres and Mr. Hyde had previously had a good working relationship, Mr. Hyde now excessively scrutinized Mr. Torres's every move and consistently sent him alone on the most difficult work assignments that typically required at least two technicians. It was clear to Mr. Torres and other co-workers that Mr. Hyde was setting Mr. Torres up to fail.

In early June, Mr. Hyde told one of Mr. Torre's coworkers that he was going to terminate Mr. Torres. The coworker was confused because, in his opinion, Mr. Torres was one of the best technicians in the Company. The co-worker told Mr. Torres to be careful because Mr. Hyde was setting him up.

On June 22, 2021, Mr. Torres was called into a meeting with you and Mr. Hyde. During the meeting, Mr. Torres was accused of having lied about his whereabouts the week before, on June 18, 2021. Mr. Torres unequivocally denied the accusations and said the GPS tracker on his Company cell phone could confirm that he was where he said he was.  Nevertheless, Mr. Torres was told to return his Company property while an investigation into the alleged incident was completed.

A mere hour and a half later—before any meaningful investigation possibly could have been completed—Mr. Hyde called Mr. Torres on his cell phone and told him that he was terminated. Mr. Torres pointed to the alleged incident discussed during the meeting and "performance" as the reasons for the termination. Both of these reasons are false and pretextual.

The company is now liable for failure to provide reasonable accommodation, discrimination, interference, and retaliation under the Americans with Disabilities Act ("ADA").

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____          _____ *Date*          *Charging Party Signature* | |

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Daniel J. Torres<br>131 Avery Landing Way<br>Holly Springs, GA 30115 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2022-00263** | **Regina S. Brown,**<br>**Investigator Support Asst** | **(404) 562-6837** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| [ ] | More than 180 days have passed since the filing of this charge. |
| [X] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| [ ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| [ ] | The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost. |
| [ ] | The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                    11/18/2021

**Darrell E. Graham,**
**District Director**                                *(Date Issued)*

Enclosures(s)

| cc: | C. Mielke<br>Human Resources<br>**TOTAL WATER TREATMENT SYSTEMS, INC.**<br>5182 Brook Hollow Parkway, Unit E<br>Norcross, GA 30071 | Nina Maja Bergmar, Esq.<br>BERGMAR LAW, LLC.<br>135 Auburn Ave. N.E., Suite 210<br>Atlanta, GA 30303 |
|---|---|---|